UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMEN C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:25-cv-277

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether

there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff protectively filed an application for DIB on July 19, 2022, alleging that he became disabled as of June 13, 2022, due to Stage 2 cirrhosis of the liver, neuropathy of the legs and arms, neck pains, and alpha I antitrypsin deficiency. (PageID.107, 223–26.) Plaintiff was 43 years old on his alleged onset date and at the time he filed his application. (PageID.107.) He had earned a GED and had past work at several jobs, including small parts assembler, auto parts assembler, sander, and shipping and receiving clerk. (PageID.55, 258.) Plaintiff's application was denied

initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ).

On October 3, 2023, ALJ Laura Chess held a telephone hearing and received testimony from Plaintiff and impartial vocational expert (VE) Helen Topcik. (PageID.62–104.) On January 26, 2024, ALJ Chess issued a written decision finding that Plaintiff was not disabled from his alleged onset date through the date of decision. (PageID.42–57.) The Appeals Council denied Plaintiff's request for review on February 11, 2025. (PageID.28–30.) ALJ Chess's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on March 12, 2025.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2027, and had not engaged in substantial gainful activity since his alleged onset date of June 13, 2022, the ALJ found that Plaintiff suffered from severe impairments of diabetes mellitus with diabetic peripheral neuropathy; degenerative changes of the spine with spondylosis in the cervical, thoracic, and lumbar spine; cervical radiculopathy; post-surgical changes status post laminoplasty; migraine disorder; Alpha I antitrypsin deficiency; liver disease; steatohepatitis; hypertension; and obesity. (PageID.45.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.46–49.)

The ALJ then found that Plaintiff retained the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), except:

> [H]e can lift and/or carry 20 pounds occasionally and ten pounds frequently. The claimant can stand and/or walk a total of four hours in an eight-hour workday. He can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs. He can occasionally balance as defined by the Selected Characteristics of Occupations (SCO). He can occasionally stoop, kneel, crouch, and crawl. He can have no exposure to extreme cold or extreme heat. He can have occasional exposure to vibration. The claimant can have no exposure to moving mechanical parts or work at high exposed places. He can do no commercial driving. He can frequently, but not constantly, reach, handle, finger, and feel with both upper extremities. The claimant can carry out simple instructions.

(PageID.49.)

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work as actually or generally performed (PageID.55–56), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of inspector, general office clerk, and production worker, approximately 147,000 of which existed in the national economy. (PageID.56–57.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## **DISCUSSION**

On appeal, Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of the medical experts, violated agency rules, failed in her duties to provide a fair and full hearing,

and misapplied the law. (ECF No. 9 at PageID.888.) More specifically, Plaintiff contends that the ALJ erred in evaluating the opinions of his treating provider, Amy Janofski, FNP.

The ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 404.1520c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. § 404.1520c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors, but is not required to explain how the remaining factors were considered. 20 C.F.R. § 404.l520c(b)(2) and (3).

The regulation explains "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)–(2). "[S]upportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report*

*and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021); *see* 20 C.F.R. § 404.1520c(1)–(2).

> The ALJ evaluated Ms. Janofski's opinions as follows:
>
> On May 17, 2023, Amy Janofski, FNP opined the claimant can sit for ten minutes and stand for five minutes at a time, he can sit for less than two hours in an eight-hour workday, and he can stand and/or walk for less than two hours in an eight-hour workday (12F/2). She further opined he needs to take unscheduled breaks during the workday every one to two hours lasting at least one hour (12F/2). Ms. Janofski also opined that the claimant needs to elevate his legs to waist height 50% of the workday (12F/3). She opined the claimant can rarely lift ten pounds, twist, or stoop; and he can never climb, crouch, or squat (12F/3). Ms. Janofski also opined the claimant can use his hands, arms, and fingers ten to 20% of the workday (12F/3). She also opined that he will be absent more than four days per month and will be off-task 25% of the workday (12F/4). She opined the claimant should avoid extreme temperatures (12F/4). I find this opinion unpersuasive. Ms. Janofski offered some support on the largely checkbox form, such as slow gait with a limp at times, stooped posture, chronic fatigue, pain, paresthesia, numbness, medication side effects, peripheral neuropathy, imbalance, and generalized weakness (12F/1, 2, 3). However, on physical examination on the same day as her opinion, she noted pain on palpation and with movement; but no decrease in strength, muscle atrophy, flaccidity, spasticity, scoliosis, kyphosis, sacral edema, presacral edema, or costovertebral angle tenderness (14F/19). The claimant's flexion was intact, but his extension and lateral rotation was not intact (14F/19). However, there are no other physical findings relating to his back at this appointment that would justify such significant impairments (14F/19-20). Additionally, this opinion is not consistent with the other evidence of record. For example, the claimant had mild limitation in his neck's range of motion but not significant gross instability (5F/67, 79). He did have a mild loss of sensation over the left upper extremity as compared to his right upper extremity (5F/67, 79). He also showed no lateralized weakness over his upper extremities bilaterally (5F/67, 79). The claimant generally walked with a normal gait (e.g. 1F/6; 2F/30; 3F/2, 4, 6, 8; 5F/64, 70, 86, 96; 10F/6). The claimant testified he can drive for thirty minutes before he gets pain in his legs (Hearing). Accordingly, I find this opinion is not persuasive.

(PageID.54–55.)

Plaintiff argues that the ALJ erred in evaluating Ms. Janofski's opinions because they are supported by her own clinical observations and are consistent with clinical observations by other

7

providers.[2] The ALJ cited much of this same evidence in her decision. (PageID.50–52 (citing PageID.368, 439, 543, 632, and 852).)[3] But the ALJ relied on other evidence contradicting Ms. Janofski's opined extreme limitations, including evidence that while Plaintiff had a mild limitation in his neck range of motion, there was not significant gross instability. (PageID.55 (citing PageID.544 and 556).) The ALJ also cited numerous medical records noting that Plaintiff generally walked with a normal gait. (PageID.55.) In addition, the ALJ noted that Ms. Janofski's findings were not consistent with other evidence of record. For example, although Plaintiff cites a March 15, 2022 treatment note from Central Michigan Headache & Neurology to show the limiting effects of his migraines (PageID.439), the ALJ noted that after Plaintiff's 2021 laminoplasty, Plaintiff reported improvement in his headaches (PageID.52 (citing PageID.621)). Similarly, Plaintiff cites physical therapy treatment notes from September 13, 2023, indicating that Plaintiff presented with impairments that included pain, weakness, and decreased range of motion and sensation changes that limited his ability to perform his daily activities (PageID.833–35), but the ALJ cited physical therapy notes from a few weeks later, in which Plaintiff reported "considerable relief of symptoms both from utilizing PT/HEP and from changing sleeping situation (new mattress)" and reported that he was replacing the flooring in his home, which he eventually finished (PageID.51 (citing PageID.818); PageID.53 (citing PageID.823 and 827)).

---

[2] Contrary to Plaintiff's characterization, Ms. Janofski's medical notes that Plaintiff quotes reflect Plaintiff's subjective reports rather than Ms. Janoski's clinical observations. (ECF No. 9 at PageID.892 (citing PageID.632 and 852).)

[3] Plaintiff cites approximately 83 pages of treatment records from Daniel Wesche, LPC, in support of his contention that the ALJ erred in evaluating Ms. Janofski's opinion. (ECF No. 9 at PageID.894–95.) But these records, which pertain to Plaintiff's mental health treatment, are not germane to Ms. Janofski's opinion, which addressed Plaintiff's physical limitations. (PageID.812–15.) In any event, the ALJ considered the records in his Step II analysis, in which he found that anxiety disorder and adjustment disorder were nonmedically determinable impairments. (PageID.45–46.) In particular, the ALJ noted that Mr. Wesche, who diagnosed adjustment order, is a counselor and thus not an acceptable medical source. (PageID.45 (citing PageID.683).)

Plaintiff's argument fails because it is not enough to point to evidence in the record that might have supported a different result. This is not a basis to reverse the Commissioner's decision if the ALJ's decision is supported by substantial evidence, which it is here. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without the fear of court interference.") (citation omitted); *Moss v. Comm'r of Soc. Sec.*, No. 1:20-cv-243, 2021 WL 2282694, at *6 (W.D. Mich. June 4, 2021) (noting that "an ALJ's decision is not subject to reversal, even though there may be substantial evidence in the record that would have supported the opposite conclusion, if substantial evidence also supports the conclusion that was reached by the ALJ") (citation omitted).

Plaintiff also notes that while the ALJ found Ms. Janofski's opinion "not persuasive," she found the State agency medical consultants' opinions "partially persuasive." Plaintiff contends that because Ms. Janofski had been his primary care provider since 2022, she was "certainly in a better position to evaluate and opine on [Plaintiff's] physical complaints and physical limitations than a non-examining medical source." (ECF No. 9 at PageID.895.) The ALJ did not err on this basis, as the regulation specifically explains that treating providers' opinions are not entitled to deference. *See* 20 C.F.R. § 404.1520c(a) (stating that the ALJ "will not defer . . . to any medical opinion(s) . . . including those from your medical sources"). In short, the ALJ properly evaluated Ms. Janofski's opinion, and her findings are supported by substantial evidence.

## **CONCLUSION**

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.

Dated: August 27, 2025              /s/ Sally J. Berens
                                    SALLY J. BERENS
                                    U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).